FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMANUEL ROY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES BUREAU OF PRISONS,<br><br>Respondent. | NO: 2:19-CV-59-RMP<br><br>ORDER DENYING PETITIONER'S 28 U.S.C. § 2241 AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |

BEFORE THE COURT are a petition for habeas corpus pursuant to 21 U.S.C. § 2241, ECF No. 1, and an "emergency request" that the Court interprets as a motion for preliminary injunctive relief, ECF No. 5, both from Petitioner Emmanuel Roy, who represents himself in this matter. The Court has reviewed Mr. Roy's submissions, ECF Nos. 1, 2, 5, and 8, as well as the response filed by the United States, ECF No. 7; has researched the relevant law; and is fully informed.

## BACKGROUND

Mr. Roy was sentenced in the Southern District of New York on December 10, 2013, to 87 months on each of five counts of wire fraud or conspiracy to commit

ORDER DENYING PETITIONER'S 28 U.S.C. § 2241 AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF ~ 1

wire fraud, to run concurrently, to be followed by three years of supervised release. ECF No. 1 at 5−7. While in BOP custody, Mr. Roy was transferred to a reentry center ("RRC") in Spokane, Washington, overseen by BOP's Seattle Residential Reentry Management field office. *See* ECF Nos. 1, 2, and 7. BOP then permitted Mr. Roy to transfer to home confinement to continue serving his term of incarceration. *Id.* Since the filing of the habeas petition, Mr. Roy has been transferred back to the RRC and then to the Spokane County Jail for an alleged infraction at the RRC. *See* ECF No. 7 at 2, n. 1. Mr. Roy's current release date from BOP custody is May 29, 2019. ECF No. 1 at 10.

Mr. Roy seeks relief through a § 2241 petition from the Bureau of Prisons' ("BOP's") administration of his sentence.

### *§ 2241 petition based on good-time credits*

Section 2241 extends habeas jurisdiction to a petitioner who is: (1) "in custody"; and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Mr. Roy asserts that his good-time calculation should be changed to comply with the First Step Act, Public Law 115-391, 132 Stat. 5194, and that with the extra good-time that he should receive, he was eligible for release from BOP custody on January 10, 2019. ECF No. 1.

However, the First Step Act does not yet authorize the relief that Mr. Roy seeks. The good-time provisions of the First Step Act ("Act") did not become effective when the Act took effect on December 21, 2018. The Act amended 18 U.S.C. § 3624(b) to allow a prisoner to earn a maximum of 54 days for each year of the sentence imposed. *See* Public Law 115-391, 132 Stat. 5194, § 102. However, the change will not take effect until the Attorney General completes the "risk and needs assessment system" required to be completed by 210 days after the Act's enactment. *Id.* at §§101, 102. Therefore, the change in calculation of good-time credit will not take effect until approximately July 2019. *See id.*

Federal courts are limited under Article III of the United States Constitution to deciding "cases" and "controversies." One of the rules that ensures that a district court adheres to this requirement is that a claim must be "ripe," meaning in this context that an administrative decision must be formalized and its effects must be felt in a concrete way by the challenging party. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148−49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 423 U.S. 296, 300 (1998) (internal citations omitted).

Because the BOP has no authority to recalculate Mr. Roy's good-time credit according to the First Step Act until the relevant provisions take effect in approximately July 2019, the question of whether the BOP erred in administering

ORDER DENYING PETITIONER'S 28 U.S.C. § 2241 AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF ~ 3

Mr. Roy's sentence on that basis is premature. *Accord Nichols v. Burch*, 2019 U.S. Dist. LEXIS 41595, at *4 (D. Ariz. Mar. 12, 2019) (dismissing section 2241 petition for recalculation of good-time credit as premature because BOP cannot apply good-time calculations of the First Step Act until approximately July 2019); *Shorter v. Dobbs*, 2019 U.S. Dist. LEXIS 13235 at *4 (S.D. Fla. Jan. 25, 2019) (finding premature a prisoner's claim of deprivation of good-time credits under the First Step Act).

There is a further question of whether this Court had jurisdiction over Mr. Roy's § 2241 petition at the time that it was filed. To invoke a court's jurisdiction in a § 2241 case, the petitioner must name the proper respondent, and the district court must have jurisdiction over that respondent. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). In a "core" habeas case, meaning one challenging "present physical confinement," the proper respondent is the "immediate custodian," the individual with the ability to produce the petitioner pursuant to a writ of habeas corpus. *Id.* at 437−39, 443. As a general rule, jurisdiction "lies in only one district: the district of confinement." *Id.* at 443.

Although Mr. Roy was in BOP custody at the Spokane County Jail as of March 19, 2019, *see* ECF No. 7 at 2, n. 1, he was in BOP custody through the Seattle Residential Reentry Management field office up until March 8, 2019, while he was serving his term either in home confinement or at the reentry center ("RRC") in Spokane. The Court does not find it to be clear in the record before it whether Mr.

ORDER DENYING PETITIONER'S 28 U.S.C. § 2241 AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF ~ 4

Roy is confined pursuant to authority in the Eastern or Western District of Washington while he has been in BOP custody through the Seattle Residential Reentry Management field office.

*Preliminary Injunctive Relief*

In addition, on March 7, 2019, Petitioner filed a motion for a temporary or preliminary injunction "directing the BOP to keep the status quo with regards to [his] home confinement." ECF No. 5. Petitioner asserted in his motion that he had been returned to RRC and greatly restricted in his allowable activities in "unfair, illegal, and discriminatory . . . retaliation for filing a 2241 Petition." *Id.* By the time that the United States responded on March 19, 2019, Mr. Roy was in the Spokane County Jail pending resolution of an alleged violation of the RRC rules. *See* ECF No. 7 at 2, n. 1.

The standard for issuing either a preliminary injunction or a temporary restraining order requires that the moving party establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Preliminary injunctive relief is an "extraordinary remedy" that may be awarded only upon a "clear showing" that the movant is entitled to such relief. *Id.* at 22.

/ / /

/ / /

Here, as discussed above, Petitioner has not established the first requisite, that he is likely to succeed on the merits. Petitioner seeks a recalculation of his good-time credit and release date based upon a provision that is not yet in effect. In addition, Petitioner seeks injunctive relief that is different in nature from the section 2241 action seeking to invoke a sentence-shortening procedure. A prisoner who seeks to challenge the constitutionality of decisions such as suspension of privileges must proceed through a civil rights claim under Section 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Perez v. Matavousian*, 2018 U.S. Dist. LEXIS 11750 at *2−3 (E.D. Cal. Jan. 24, 2018) (citing *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by Boyce v. Ashcroft*, 268 F.3d 953 (10th Cir. 2001)).

Finally, and dispositively, Petitioner's motion is moot because the Court lacks jurisdiction until Petitioner's petition for habeas relief is ripe, as discussed above.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's 18 U.S.C. § 2241 petition, **ECF No. 1**, is **DISMISSED without prejudice,** for lack of jurisdiction, as unripe.

2. Petitioner's motion for a preliminary injunction, **ECF No. 5**, is **DENIED AS MOOT**.

3. At this time, Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and, therefore, the Court declines to issue a certificate of appealability.

ORDER DENYING PETITIONER'S 28 U.S.C. § 2241 AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF ~ 6

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Petitioner and counsel and **close this case**.

**DATED** April 1, 2019.

                                          *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                      United States District Judge